The TRAVELERS INDEMNITY COMPANY & Travelers Casualty & Surety Company, Petitioners,

v.

METROPOLITAN LIFE INSURANCE COMPANY, Respondent.

No. 3:04MC467(CFD)(TPS).

United States District Court,
D. Connecticut.

April 28, 2005.

112

Thomas J. Groark, Jr., Hartford, CT, for Petitioners.

Andrew D. Heath, New York, NY, for Respondent.

### RULING ON PLAINTIFFS' MOTION TO QUASH

SMITH, United States Magistrate Judge.

The plaintiffs, Travelers Indemnity Company and Travelers Casualty and Surety Company (collectively "Travelers"), seek an order from the court quashing subpoenas served by the defendant, Metropolitan Life Insurance Company ("MetLife"), on the grounds that the subpoenas seek publicly available documents that are equally accessible to MetLife, and that they seek non-public documents that are irrelevant, extremely voluminous, proprietary, and subject to the attorney-client and work product privileges. (Dkt.# 1). For the foregoing reasons, the plaintiffs' motion is **GRANTED.**

### BACKGROUND

In January 2003, MetLife filed a complaint ("Complaint") under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. §§ 9601 *et seq.*, against Control Components, Inc. ("Control") and other former owners and operators, seeking contribution and indemnity to recover costs it incurred, and will incur, in remediating releases of certain chemicals at and around a ten-acre parcel it owns in Irving, California ("Site"). (Def.'s Mem. Opp'n Mot. at 1). Control advised MetLife that the plaintiffs' insurance policies provide coverage for MetLife's claims.[1] (Zimmer-

1. Travelers neither confirms nor denies that insurance policies it issued to Control, its former

owners and operators, and/or certain affiliates and/or subsidiaries provide coverage for any of

man Aff. ¶ 5). When MetLife requested production of these policies from Control and they were not immediately forthcoming, MetLife served two subpoenas on Travelers on July 30, 2004 to obtain these policies and related documents. (*Id.* ¶ 6; Pl.'s Mem. Supp. Mot. at 2). On or about August 9, 2004, Attorney Timothy J. Cornell, representing Travelers, telephoned Attorney Kurt F. Zimmerman, representing MetLife, to seek an extension of time for Travelers to respond to the subpoenas. (Cornell Aff. ¶ 2). They agreed that MetLife would give Travelers until September 15, 2004 to respond to the subpoenas. (Zimmerman Aff. ¶ 7). Attorney Cornell also indicated that Travelers' response would not include the production of documents. (Cornell Aff. ¶ 3). The plaintiffs filed a Motion to Quash the MetLife subpoenas on September 16, 2004.

## DISCUSSION

The two subpoenas served on Travelers by MetLife on July 30, 2004 seek the production of insurance policies, policy applications, underwriting files, claim files, issuances, investigative documents, documents concerning hazardous substances and waste at the Site, tenders of claims, denials or disclaimers of coverage, and all other documents relating to any insurance policy issued or underwritten by Travelers which may provide coverage to any party named in the Complaint for the claims at issue. (Groark Aff., 9/15/04, Ex. 2 & 3). Travelers seeks to quash these subpoenas on the grounds that 1) MetLife may obtain the insurance policies in question from the public record or from Control directly, rather than placing an undue burden on a non-party, and 2) the non-public documents sought by the subpoenas are irrelevant, voluminous, and largely subject to privilege. (Pl.'s Mem. Supp. Mot. at 6–11).

### A.

■ While the court interprets liberally the discovery provisions of the Federal Rules of Civil Procedure to encourage the free flow of information among litigants, limits do exist. For instance, Rule 26(c) provides that, upon a showing of good cause, the presiding

court "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense." Fed.R.Civ.P. 26(c). More pertinently, Rule 45(c)(3) commands that a court "shall" quash or modify a subpoena if the subpoena "subjects a person to undue burden." Fed.R.Civ.P. 45(c)(3)(A)(iv). The burden of persuasion in a motion to quash a subpoena is borne by the movant. *United States v. Int'l Bus. Mach. Corp.*, 83 F.R.D. 97, 104 (S.D.N.Y.1979); *see* 9 Wright & Miller, *Federal Practice and Procedure* § 2449 at p. 46 (1995).

■ An evaluation of undue burden requires the court to weigh the burden to the subpoenaed party against the value of the information to the serving party. Whether a subpoena imposes an "undue burden" depends upon "such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed." *IBM*, 83 F.R.D. at 104. However, courts also give special weight to the burden on non-parties of producing documents to parties involved in litigation. *See Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir.1998) ("concern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs."); *Heidelberg Ams., Inc. v. Tokyo Kikai Seisakusho, Ltd.*, 333 F.3d 38, 41–42 (1st Cir.2003); *see also* Fed.R.Civ.P. 45(c)(2)(B) ("an order to compel production shall protect any person who is not a party from significant expense....."). The determination of issues of burden and reasonableness is committed to the sound discretion of the trial court. *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 49 (S.D.N.Y.1996); 9A Wright & Miller, § 2463.

On February 22, 2000, The Babcock & Wilcox Company ("B & W") and certain of its subsidiaries ("Debtors"), including Control, filed petitions for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Louisiana ("Bankruptcy Court"). (Pl.'s

---

the claims at issue in MetLife's CERCLA action.

(Pl.'s Mem. Supp. Mot. at 1, 3–4).

Mem. Supp. Mot. at 6–11). This bankruptcy is currently pending. (*Id.*). Pursuant to that filing, the Debtors' insurance assets became assets of the bankruptcy estate, including any policies issued by Travelers to the Debtors under which Control may or may not be an insured. 11 U.S.C. § 541(a); *Am. Bankers Ins. Co. of Fla. v. Maness,* 101 F.3d 358, 362 (4th Cir.1996).

Travelers argues that "MetLife may obtain such [p]olicies from the Bankruptcy Court, where they were filed as part of the B & W bankruptcy proceeding[,]" adding that "[n]on-parties such as Travelers should not be burdened with voluminous productions when the parties themselves can produce or obtain the documents at their own expense." (Pl.'s Mem. Supp. Mot. at 6) (citation omitted). In opposition, MetLife claims that "[t]o obtain the subpoenaed policies would require [it] to review thousands of pleadings and their voluminous attachments—a very burdensome and unnecessary task considering Travelers presumably has kept copies of responsive policies and could make those copies available to MetLife." (Def.'s Mem. Opp'n Mot. at 5). MetLife points out that a review of the electronic docket of the B & W bankruptcy proceeding shows thousands of pleadings on file, and further asserts that "there is no guarantee that the policies filed with the bankruptcy court would even provide coverage for the claims asserted in MetLife's complaint." (*Id.* n. 4; Zimmerman Aff., 10/5/04, ¶ 14).

■ Travelers clearly faces a substantial burden if it is forced to comply with MetLife's discovery requests. According to the sworn affidavit of Julio Velez, Legal Specialist of the Environmental Litigation Group at Travelers, the MetLife subpoenas call for the review of all the documents associated with over 1,000 insurance policies, which are kept in hundreds of boxes stored in numerous branch offices, sub-offices and warehouses in several states. (Groark Aff., 9/15/04, Ex. 5, Velez Aff. ¶¶ 5–7). Nevertheless, the sheer volume of documents would be no reason, in and of itself, to quash the subpoenas if there were no other reasonable way for MetLife to obtain the information it seeks. However, the information in question appears to be publicly available from a source that is more convenient, less burdensome, or less expensive, without subjecting Travelers to undue burden: the B & W bankruptcy proceeding. *See* Fed.R.Civ.P. 45(c)(3)(A)(iv). MetLife believes that taking the time and effort to search the pleadings of the bankruptcy proceeding would be a "very burdensome" task. This may be so, but in the absence of some showing that the publicly available information in that proceeding is inadequate, the onus is properly on MetLife as a party to the litigation. The burden that production would place on Travelers, as a non-party, is unreasonable. The court is confident that counsel for MetLife is equal to the task now before it, and suggests as a starting point Joint Trial Exhibit 34.006 of the bankruptcy pleadings, where Travelers generously points out that "copies are available of the Travelers policies issued to B & W under which MetLife apparently alleges Control is covered." (Pl.'s Reply Mem. Supp. Mot. at 2).

Alternatively, or in addition, MetLife may seek such policies from Control, which is also a party to the litigation. Because MetLife can obtain these policies from the public record or from Control directly, rather than placing an undue burden on a non-party, the court refrains from addressing the issues of relevancy, privilege and confidentiality.

### B.

MetLife opposes Travelers' Motion to Quash on the ground that it is untimely, as both the certificate of service and the court's electronic docketing system indicates that the motion was filed on September 16, 2004, one day after the September 15, 2004 deadline for responding to the subpoena. (Def.'s Mem. Opp'n Mot. at 4). However, according to the sworn affidavit of Kathleen Monnes, counsel to Travelers, the plaintiff in fact filed its motion on September 15, 2004, but neglected to forward the necessary filing fee along with its motion. (Pl.'s Reply Mem. Supp. Mot. Ex. 1, Monnes Aff., 10/21/04, ¶ 4). When informed of this oversight by the district court clerk's office the following day, Travelers immediately re-filed the motion accompanied by the requisite filing fee on that date. (*Id.*). In the absence of any claim of

prejudice made by MetLife, the court declines to consider the timeliness of the pending motion.

### C.

■ MetLife also argues that the motion to quash should be denied because of Travelers' failure to confer with MetLife's counsel regarding this discovery dispute pursuant to Local Rule 37. (Def.'s Mem. Opp'n Mot. at 4–5). Local Rule 37 provides, in pertinent part, that

> [n]o motion pursuant to Rules 26 through 37, Fed.R.Civ.P., shall be filed unless counsel making the motion has conferred with opposing counsel and discussed the discovery issues between them in detail in a good faith effort to eliminate or reduce the area of controversy, and to arrive at a mutually satisfactory resolution.

Loc. R. Civ. P. 37(a)(2). Travelers counters that because they are not a party to the underlying action, their motion is therefore controlled by Rule 45 of the Federal Rules of Civil Procedure, which governs subpoenas and, as such, places the motion outside the purview of Local Rule 37. (Pl.'s Reply Mem. Supp. Mot. at 3–4). Travelers' motion was made "[p]ursuant to Federal Rules of Civil Procedure 26 and 45[.]" (Pl.'s Mot. to Quash at 1). That said, the court's analysis of this motion and the reasoning in its decision are rooted firmly in the protections of persons subject to subpoena that are provided by Rule 45 of the Federal Rules of Civil Procedure, specifically the protection against undue burden afforded under Rule 45(c)(3)(A)(iv). As such, Travelers is correct that its motion is governed by Rule 45 and thus not subject to the obligation to meet and confer under Local Rule 37. But in the event that Travelers had such an obligation, the August 9, 2004 telephone conversation between Attorneys Cornell and Zimmerman, during which Travelers indicated that it would not agree to produce documents in response to MetLife's subpoenas (*see* Cornell Aff. ¶ 3), would likely fulfill the Local Rule 37 requirement. Because of the fact-intensive and case-specific nature of this inquiry, determining which of the Federal Rules of Civil Procedure is controlling in discovery disputes and when they are satisfied is likewise entrusted to the sound discretion of the trial court. *See Concord Boat,* 169 F.R.D. at 49.

For the foregoing reasons, the plaintiff's motion to quash is **GRANTED**. This is not a recommended ruling. This is a discovery ruling and order reviewable pursuant to the "clearly erroneous" standard of review. 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 6(a), (e) and 72(a); and Rule 2 of the Local Rules for U.S. Magistrate Judges. As such, it is an order of the court unless modified by the district judge upon motion timely made. *See* 28 U.S.C. § 636(b) (written objections to ruling must be filed within ten days after service of same).

**IT IS SO ORDERED.**